IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JEFF WOODARD, EVELYN TYLER,
and KEVIN PHIPPS,

    Plaintiffs,

v.                                    No. 04-2598 B

SHELBY COUNTY GOVERNMENT,

    Defendant.

_____

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE
_____

On December 6, 2005, this Court entered an order directing the Plaintiffs, Evelyn Tyler and Kevin Phipps,[1] to show cause, within twenty (20) days, why the dispositive motion of the Defendant, Shelby County Government ("Shelby County"), should not be granted. In doing so, the Court noted that counsel for the Plaintiffs had been permitted to withdraw on October 31, 2005 and directed the Clerk of Court to mail copies of the October 31 order, as well as the show cause order, to the Plaintiffs at their home addresses. The Plaintiffs were clearly admonished that failure of the Plaintiffs to respond in a timely manner to the Court's may result in dismissal of the action. According to the Court's docket, the Plaintiffs have to date failed to respond to the show cause order, even though the time for such response has expired.

Regretfully, the instant failure on the part of the Plaintiffs to make filings is only the most recent in what has been a pattern of failures to prosecute this matter. Woodard, Tyler and Phipps

---

[1] Plaintiff Jeff Woodard was dismissed as a party in this case pursuant to a consent order entered by the magistrate judge on October 31, 2005. Accordingly, the remaining references to "Plaintiffs" herein apply only to Tyler and Phipps.

initiated this action on August 3, 2004 and, on September 8, 2004, the Defendant, George M. Little and Shelby County moved for dismissal of the Plaintiffs' claims against Little. After the entry of two show cause orders, dated October 14 and November 8, 2004, for failure to respond to the motion, to which no responses were filed, the Plaintiffs' allegations as to Defendant Little were dismissed. On January 5, 2006, the remaining Defendant, Shelby County, moved for dismissal of the entire action for failure to prosecute. Shelby County avers therein that the Plaintiffs have failed to engage in any discovery whatsoever or to respond to discovery propounded by the Defendant. Moreover, in its October 31 order permitting their counsel to withdraw, the Court directed the Plaintiffs to obtain new counsel within thirty (30) days of the entry of the order. To date, no appearance of counsel has been made on behalf of the Plaintiffs.

Rule 41(b) provides for dismissal of actions for failure of the plaintiff to prosecute. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).

2

District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that a failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiffs have failed to respond to two dispositive motions and to three orders to show cause and one to obtain new counsel. Indeed, the docket reflects that the Plaintiffs have never responded to any motion or Court directive during the life of this case. Clearly, the necessity of monitoring a case that the Plaintiffs have dilatorily permitted to languish indefinitely works some hardship on a Defendant seeking disposition of the action. In addition, the Plaintiffs have been cautioned by the Court in no uncertain terms, in all three show cause orders, concerning the dire ramifications of any failures to comply with Court directives. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiffs' failure to move this case forward.

Based on the foregoing, this matter is DISMISSED with prejudice for failure to prosecute

pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is directed to enter judgment for the Defendant. In addition, all other motions pending before the Court are denied as moot and the Court's case manager is directed to remove from the Court calendar all proceedings scheduled in this matter.

IT IS SO ORDERED this 3rd day of February, 2006.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE